UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| SCOTT HINTZ and ) <br> JS OF GEORGIA, INC., a Delaware ) <br> Corporation and its successors and assigns, ) <br> PT HOLDINGS, GROUP I, INC., a Delaware ) <br> corporation and its successors and assigns, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GEROVA FINANCIAL GROUP, LTD.; ) <br> JOSEPH BIANCO; GARY HIRST; JASON ) <br> GALANIS; ROBERT WILLISON; GEROVA ) <br> HOLDINGS, LTD.; NET FIVE HOLDINGS, ) <br> LLC; NET FIVE GROUP, LLC; ) <br> FUND.COM, INC.; EQUITIES MEDIA ) <br> ACQUISITION CORP., INC.; PLANET FIVE ) <br> DEVELOPMENT GROUP, LLC;  PLANET ) <br> FIVE AT GEROVA, LLC; PAUL ROHAN; ) <br> NOBLE INVESTMENT FUND, LTD.; ) <br> GREGORY LAUBACH; GEROVA REAL ) <br> ESTATE GROUP, LLC; ERIC HALTER; ) <br> DAVID ZORN; JOHN DOE; AND JOHN DOE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br> FILE NO.:_____ <br><br> DEMAND FOR JURY |

**COMPLAINT FOR BREACH OF CONTRACT, _QUANTUM MERUIT_, FRAUD, DAMAGES PURSUANT TO FEDERAL RICO AND O.C.G.A. § 16-14-6, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, LIBEL AND SLANDER**

1

COME NOW, Scott Hintz (hereinafter "Hintz") and JS of Georgia, Inc. (hereinafter "JS of Georgia") (and together hereinafter "Plaintiffs"), by and through the undersigned counsel, and files this Complaint for Breach of Contract, *Quantum Meruit*, Fraud, Damages Pursuant to Federal RICO and O.C.G.A. § 16-14-6, Intentional Infliction of Emotional Distress, Libel and Slander, showing to this Honorable Court as follows:

## PARTIES

1.

Defendant Gerova Financial Group, Ltd. (hereinafter "Gerova Financial"), a Cayman Islands corporation, may be served with process through its President, Gary T. Hirst, at 1515 International Parkway, Suite 2031, Lake Mary, Florida 32746.

2.

Defendant Joseph Bianco (hereinafter "Bianco") may be served with process at 291 Seventh Avenue, New York, New York 10001.

3.

Defendant Gary Hirst (hereinafter "Hirst") may be served with process at 1515 International Parkway, Suite 2031, Lake Mary, Florida 32746.

4.

Defendant Jason Galanis (hereinafter "Galanis") may be served with process at 9777 Wilshire Boulevard, Suite 718, Beverly Hills, California 90212.

5.

Defendant Robert Willison (hereinafter "Willison") may be served with process at 215 Stoney Ridge Drive, Alpharetta, Georgia 30022.

6.

Defendant Gerova Holdings, Ltd. (hereinafter "Gerova Holdings"), a Cayman Islands corporation, may be served with process in care of any officer at Cumberland House, 5th Floor, 1 Victoria Street, Hamilton, HM 11, Bermuda.

7.

Defendant Net Five Holdings, LLC (hereinafter "Net Five Holdings"), a Florida limited liability company (formerly known as Gerova Real Estate Group, LLC), may be served with process through its Registered Agent, Paul Rohan, at 4540 Southside Boulevard, Suites 603-604, Jacksonville, Florida 32216.

8.

Defendant Net Five Group, LLC (hereinafter "Net Five Group"), a limited liability company, may be served with process through its officer, Robert Willison, at 215 Stoney Ridge Drive, Alpharetta, Georgia 30022.

9.

Defendant Fund.com, Inc. (hereinafter "Fund.com"), a Delaware corporation, may be served with process through its Registered Agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

10.

Defendant Equities Media Acquisition Corp., Inc. (hereinafter "Equities Media"), a Nevada corporation, may be served with process through its Registered Agent, Incorp. Services, Inc., at 2360 Corporate Circle, Suite 400, Henderson, Nevada 89074.

11.

Defendant Planet Five Development Group, LLC (hereinafter "Planet Five Development"), a Florida limited liability company, may be served with process through its Registered Agent, J. Riley Williams, at 2141 Park Street, Jacksonville, Florida 32204.

12.

Defendant Planet Five at Gerova, LLC (hereinafter "Planet Five at Gerova"), a Florida limited liability company, may be served with process through its Registered Agent, J. Riley Williams, at 2141 Park Street, Jacksonville, Florida 32204.

13.

Defendant Paul Rohan (hereinafter "Rohan") may be served with process at 4540 Southside Boulevard, Suites 603-604, Jacksonville, Florida 32216.

14.

Defendant Noble Investment Fund, Ltd. (hereinafter "Noble Investment"), a corporation, may be served with process at 260 262 Main Street, Gibraltar, J1 00000.

15.

Defendant Gregory Laubach (hereinafter "Laubach") may be served with process at 3 Savannah Court, Bethesda, Maryland 20817.

16.

Defendant Eric Halter (hereinafter "Halter") may be served with process at 4540 Southside Boulevard, Suite 603-604, Jacksonville, Florida 32216.

17.

Defendant David Zorn (hereinafter "Zorn") may be served with process at 4540 Southside Boulevard, Suites 603-604, Jacksonville, Florida 32216.

18.

Defendant John Doe is an individual who shall be identified by amendment.

19.

Defendant John Doe Company is a business entity which shall be identified by amendment.

## JURISDICTION AND VENUE

20.

All Defendants are subject to the jurisdiction of this Court by virtue of having transacted business within the State of Georgia with respect to the transactions described herein, committing a tortious act causing injury to a Plaintiff within the State of Georgia, or owning, using or possessing any real property situated within the State of Georgia.

21.

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

22.

Venue is proper in the United States District Court for the Northern District of Georgia, because, among other things, a substantial part of the events or omissions giving rise to this lawsuit occurred within the Northern District of Georgia as contemplated under 28 U.S.C. § 1391(b), and one or more Defendants

reside within the Northern District of Georgia as contemplated under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

23.

Plaintiff incorporates paragraphs one (1) through twenty-two (22) above as though fully set forth herein.

24.

Starting in or about December, 2009, Defendant Willison, acting on behalf of Defendants Gerova Financial and Net Five Holdings, represented to Plaintiffs that they would receive certain monies and stock in return for Plaintiff providing contractor services, funds and credit for due diligence, travel, entertainment expenses, and other miscellaneous expenses in connection with the initial development and operation of Defendants Gerova Financial and Net Five Holdings.

25.

Pursuant to the Agreement, Plaintiffs were to receive $120,000.00 per year for three (3) years as compensation, twelve percent (12%) of the cost of all work performed under Plaintiffs' supervision, and two percent (2%) of the equity ownership of all the real estate holdings of Gerova Financial, Net Five Holdings and Planet Five Development.

26.

Defendant Willison represented to Plaintiffs that he had full authority to bind Gerova Financial, Net Five Holdings and Planet Five Development (and their subsidiaries), and no other Defendant ever represented to Plaintiffs otherwise.

27.

Defendants failed to timely pay Plaintiffs per their Agreement, which has caused severe financial hardship to Plaintiffs. As a result of the refusal to pay Plaintiffs, Plaintiffs were unable to utilize their revolving credit line with American Express to maintain other business opportunities, the direct result to Plaintiffs being financial ruin, credit impairments, and the loss of numerous ongoing revenue streams.

28.

Defendants paid Plaintiffs toward the first $120,000.00 between May and September, 2010. At that point, payments stopped. Subsequently, when Plaintiffs inquired as to the stoppage, Plaintiffs became informed that Defendants Willison, Galanis, Bianco and Hirst knew about and were involved in a $53 million ponzi scheme in California, and that the SEC had frozen their accounts during this time.

29.

Subsequently, Plaintiffs began to inquire as to the promised 2% ownership interest and certain activities undertaken by Defendants which Plaintiffs felt were

unsound. In response, Defendants terminated Plaintiffs' employment with Defendants, and threatened to harm Plaintiffs both physically and financially. They also began contacting Plaintiffs' relatives and friends, and posting false statements about Plaintiffs in media outlets and internet blogs. Finally, they terminated Plaintiffs' employment with Defendants.

30.

The Defendants in this action are all interrelated. The various corporate entities are mere conduits for the individual Defendants. The various entities do not follow proper corporate formalities, there is an absence of timely SEC and state filings, the Defendants intermingle assets of the entities and individuals, the Defendants manipulate the assets and liabilities of the entities, officers and directors are uniform, and the individual Defendants siphon funds through the various levels of corporate shells.

## CAUSES OF ACTION

31.

Plaintiff incorporates paragraphs one (1) through thirty (30) above as though fully set forth herein.

### COUNT ONE – BREACH OF CONTRACT

32.

This is an action for damages against Defendants for breach of contract.

33.

Plaintiffs were terminated without cause, and Defendants have failed to make payments pursuant to the parties' Agreement.

34.

All conditions precedent have been properly performed by Plaintiffs.

35.

Multiple times during mid-to-late 2010, Plaintiffs made demand for payment or an explanation of the failure to pay.

36.

Defendants did not pay or otherwise respond to Plaintiffs' demands.

37.

Defendants' failure to perform its obligations under the Agreement has caused Plaintiffs to suffer damages in the amount of the contract price of Three Hundred Sixty Thousand Dollars ($360,000.00) less any payments received by Plaintiffs, plus the 12% supervision bonus (based upon information and belief approximately $12,000.00), plus Plaintiff's 2% ownership interest in Gerova Financial, Net Five Holdings, and Planet Five Development (based upon information provided by the entities, to be valued at approximately Eighteen Million Dollars ($18,000,000.00)).

## COUNT TWO – *QUANTUM MERUIT*

38.

Plaintiff is entitled to compensation for his employment services with Gerova Financial, Net Five Holdings, and Planet Five Development as set forth in Count One above.

39.

Plaintiff Hintz and Plaintiff JS of Georgia (and its successors and assigns) performed services on behalf of Defendants for which they did not receive full payment.

40.

Plaintiff has demanded payment, however payment has not been made.

## COUNT THREE – FRAUD

41.

Plaintiffs performed services and provided funds and credit to Defendants based upon express promises to pay compensation and ownership interests in Gerova Financial, Net Five Holdings, and Planet Five Development.

42.

At the time of making said promises and representations, Defendants had no present intention to honor said representations, knew that the individual and

corporate Defendants did not plan to and would not honor said commitments in the future, and intended that Plaintiffs would rely thereon.

43.

Defendants are accordingly liable to Plaintiffs for fraud, for all damages prayed for in the Plaintiff's Complaint.

COUNT FOUR – FEDERAL RICO PURSUANT TO 18 U.S.C. § 1961, et al.

44.

In the course of actions described above, Defendants, acting together with other individual and corporate parties, procured valuable services of Plaintiffs and used Plaintiffs' funds and credit for their own benefit.

45.

The procurement of services and use of funds and credit were made with the present intention not to pay for same, constituting a scheme or artifice to defraud.

46.

Defendants and their affiliates transmitted interstate communications via e-mail and wire for the purposes of furthering said scheme, constituting a crime as contemplated under 18 U.S.C.§ 1343.

47.

The aforementioned acts constitute racketeering activity as contemplated under 18 U.S.C. § 1961.

48.

Defendants derived income from the above-described pattern of racketeering activity and invested said income in the acquisition of other enterprises engaged in interstate commerce.

49.

Plaintiffs have been injured in their business or property by reason of Defendants' actions described above.

COUNT FIVE – RICO UNDER LAWS OF GEORGIA (O.C.G.A. § 16-14-6)

50.

By the acts described above, Defendants, acting with other individuals or corporate parties, knowingly and by deception procured valuable services, funds and credit from Plaintiffs located within the State of Georgia and elsewhere with the intent to avoid payment, constituting the crime of theft of services under O.C.G.A. § 16-8-5.

51.

Defendants' actions constitute racketeering activity as contemplated by O.C.G.A. § 16-14-3(9).

52.

Defendants, acting with their affiliates, derived income from the above-described pattern of racketeering activity and invested said income in the acquisition of other enterprises engaged in interstate commerce.

53.

Plaintiffs have been injured by Defendants' actions described above.

## COUNT SIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.

Defendants' actions have left Plaintiffs in financial ruin. Plaintiff Hintz and his family has received death threats. Plaintiff Hintz has been forced to seek treatment from a doctor for symptoms of anxiety, sleep disorder, and severe stress.

## COUNT SEVEN – LIBEL AND SLANDER

55.

Defendants have contacted Plaintiffs' relatives and friends, posted on blogs, and made statements to media about Plaintiffs which are untrue, and clearly expose Plaintiffs to hatred, contempt, ridicule and obloquy.

56.

Defendants' statements are defamatory as the language carries a meaning that Plaintiffs are liars and criminals.

57.

Defendants' statements were understood by those who saw and heard them to be concerning Plaintiffs.

58.

The above statements were published by Defendants with malice, oppression and fraud.

59.

As a proximate result of the above actions by Defendants, Plaintiffs have suffered loss of reputation, shame, mortification, hurt feelings, and fear for livelihood, all to the Plaintiffs' general damage in a sum to be proven at trial.

COUNT EIGHT – ATTORNEYS' FEES

60.

Defendants have entered into agreements in bad faith, been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense, entitling Plaintiffs to an award of reasonable attorneys' fees.

COUNT NINE – PUNITIVE DAMAGES

61.

Defendants' willful and intentional acts show willful misconduct, malice, fraud, wantonness, and oppression with a specific intent to cause harm to Plaintiffs. Plaintiffs therefore pray for exemplary and punitive damages in an amount to be

determined by the enlightened conscience of a jury to deter Defendant from such wrongful conduct in the future.

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

(a) That process issue and Defendants be served as provided by law;

(b) That a jury be empaneled;

(c) For an award of general damages against Defendants for breach of contract, *quantum meruit*, fraud, RICO (federal and Georgia), intentional infliction of emotional distress, and libel and slander, in an amount to be determined by the enlightened conscience of the jury, but no less than Fifty Million Dollars ($50,000,000.00), including treble damages as contemplated by 18 U.S.C. § 1964(c) and/or by U.S.C. § 16-14-6(c);

(d) For an award of damages against Defendants for punitive damages, in an amount to be determined by the enlightened conscience of the jury;

(e) For an award of Plaintiffs' reasonable attorneys' fees and expenses of litigation; and

(f) For such other and further relief as the Court deems appropriate.

Respectfully submitted, this 26th day of January, 2011.

BELLI, WEIL, GROZBEAN & DAVIS
8010 Roswell Road, Suite 200
Atlanta, Georgia 30350
Telephone No.: (770) 993-3300
Facsimile No.: (770) 552-0100

Douglas J. Davis
Georgia State Bar No.: 207950
Bryan J. Rush
Georgia State Bar No.: 201097
Attorneys for Plaintiffs

STATE OF GEORGIA)

COUNTY OF FULTON)

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, Scott Hintz, individually, and as agent or representative for JS of Georgia, Inc. and PT Holdings Group I, Inc., and/or their successors and assigns, who after having been duly sworn, deposes and states on oath that the facts set forth in the above and foregoing *COMPLAINT FOR BREACH OF CONTRACT, QUANTUM MERUIT, FRAUD, DAMAGES PURSUANT TO FEDERAL RICO AND O.C.G.A. § 16-14-6, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, LIBEL AND SLANDER* are true and correct.

This the 26TH day of January, 2011.

_____
SCOTT HINTZ

Sworn to and subscribed
before me, the date and
year set forth above.

_____
NOTARY PUBLIC

Jacqulin J Gaines
Notary Public
Cherokee County, Georgia
My Comm. Expires
2/14/2014